UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FNU SUMIT,
Petitioner,
v.
CHRISTOPHER LAROSE, et al.,
Respondents.

Case No.: 3:26-cv-4721-CAB-MSB

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Pending before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner FNU[1] Sumit. [Doc. No. 1 ("Petition").] Petitioner claims that he is being detained by immigration authorities in violation of the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. For the following reasons, the Court **DENIES** the Petition.

## I. BACKGROUND

Petitioner is a native of India who was admitted to the United States in August 2023 on an F-1 visa. [Petition at 2.] An F-1 visa allows a noncitizen to enter the United States

[1] FNU stands for First Name Unknown.

as a full-time student at certain academic institutions.[2] Petitioner did not enroll in school as required and was thus "terminated in SEVIS effective October 14, 2023." [Doc. No. 4-1 at 8.] At some point, Petitioner applied for asylum, received work authorization, and appeared for at least one biometrics appointment as part of his asylum application. [Petition at 2.] He was detained on July 9, 2026 while making a Door Dash delivery at Camp Pendleton. [*Id.*]

On August 17, 2026, Petitioner received a bond hearing pursuant to 8 U.S.C. § 1226(a); the immigration judge ("IJ") ordered him released from custody under an $18,000 bond and imposition of conditions at the discretion of the Department of Homeland Security ("DHS"). [Doc. No. 4-1 at 16.] He filed this Petition the next day seeking immediate release without conditions.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for a writ of habeas corpus in which a petitioner asserts he is being held in custody "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

Petitioner argues that he should be released outright, without having to pay bond or be subjected to conditions of release, because his detention is void *ab initio*. [Petition at 15.] Respondents principally contend that § 1226(a) allows immigration authorities to

[2] *See* U.S. Citizenship and Immigration Services, *Students and Employment*, https://www.uscis.gov/working-in-the-united-states/students-and-exchange-visitors/students-and-employment

arrest and detain a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States." And as a visa overstay, Respondents argue that Petitioner was correctly detained and classified as subject to § 1226(a), received the process he was due in the form of a bond hearing before this Petition was filed, and has waived his appeal of that bond decision. [Doc. No. 4 at 2.]

The Court agrees with Respondents. Petitioner is unlike other petitioners who were apprehended by immigration authorities and affirmatively released into the United States after an assessment of their flight risk and danger to the community. *See, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" (edits in original)); *Singh v. Warden, Imperial Reg'l Det. Facility*, No. 26-CV-1211-LL-JLB, 2026 WL 622687, *1 (S.D. Cal. Mar. 5, 2026) (finding that a noncitizen "previously released on parole . . . has a protected liberty interest in remaining free from detention").

Here, in contrast, Petitioner entered the United States under a student visa but never enrolled in school. Following this changed circumstance, immigration authorities never affirmatively made an initial custody determination regarding Petitioner's flight risk or danger to the community. The Court thus views Petitioner as already having received the process due to him.

**IV. CONCLUSION**

The Court **DENIES** the Petition insofar as it requests immediate release under no conditions. The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: September 21, 2026

Hon. Cathy Ann Bencivengo
United States District Judge